USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/09

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**In re**

**BALLY TOTAL FITNESS OF GREATER NEW YORK, INC., et al.,**

**Debtors,**

**OPINION AND ORDER**

**Chapter 11**
**No. 08-14818**
**Jointly Administered**

**GREAT AMERICAN INSURANCE COMPANY,**

**Plaintiff-Appellant,**

**- against -**

**BALLY TOTAL FITNESS HOLDING CORPORATION,**

**Defendant-Appellee.**

**Adversary Proceeding**
**No. 09-1023**

**09 Civ. 4052 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Great American Insurance Company ("GAIC") appeals from a final judgment of the bankruptcy court for the Southern District of New York dismissing an Adversary Complaint filed by GAIC against Bally Total Fitness Holding Corporation ("Bally"). GAIC seeks a declaratory judgment that funds advanced pursuant to an Interim Fee Advancement and Non-Waiver Agreement

("Interim Fee Agreement") are held in an implied trust and are not property of Bally's bankruptcy estate under section 541 of Title 11 of the United States Code ("section 541"). For the reasons set forth below, the judgment of the bankruptcy court is affirmed.

## II. BACKGROUND

The facts are almost undisputed for the purposes of this appeal. Because a detailed description of the facts is set forth in the bankruptcy court's decision, I provide only a brief summary here.[1]

GAIC issued directors' and officers' liability policies to Bally for the policy years 2001-2002 and 2002-2003 ("the policies"). Bally subsequently restated its financial results for the 2000 and 2001 fiscal years. As a result, Bally and several of its directors and officers were named as defendants in multiple lawsuits and as subjects of investigations by the Securities and Exchange Commission and the Department of Justice.

Bally submitted the matters to GAIC, and after initially disputing its obligations under the policies, GAIC agreed to supply coverage pursuant to the Interim Fee Agreement. Under the Interim Fee Agreement, GAIC reserved the

---

[1] *See In re Bally Total Fitness of Greater New York, Inc.*, No. 08 BR 14818, 2009 WL 1116587 (Bankr. S.D.N.Y. Mar. 27, 2009).

right to bring an action for rescission against Bally and to seek reimbursement of the advanced funds.

On August 22, 2006, GAIC commenced an action for rescission in the United States District Court for the Northern District of Illinois. On December 3, 2008, Bally filed a bankruptcy petition in the bankruptcy court for the Southern District of New York.

## III. APPLICABLE LAW

### A. Bankruptcy Appeals

District courts are vested with appellate jurisdiction over bankruptcy courts.[2] The final order of a bankruptcy court may be appealed to the district court as of right.[3] A bankruptcy court's dismissal of a complaint for failure to state a claim is reviewed de novo.[4]

### B. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all of the factual

---

2 *See* 28 U.S.C. § 158(a).

3 *See* id. § 158(a)(1).

4 *See Olin Corp. v. Riverwood Int'l* (*In re Manville Forest Prods.*), 209 F.3d 125, 128 (2d Cir. 2000); *Lazard Freres & Co. LLC v. Adams* (*In re Northwest Airlines Corp.*), 399 B.R. 124, 128 (S.D.N.Y. 2008).

allegations contained in the complaint"[5] and "draw all reasonable inferences in the plaintiff's favor."[6] However, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[7]

To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility."[8] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief.[9] A complaint that alleges facts "merely consistent with" the plaintiff's claim "stops short of the line between possibility and plausibility of entitlement to relief."[10]

**C. Section 541**

---

5 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). *Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

6 *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

7 *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation omitted).

8 *See Twombly*, 550 U.S. at 564.

9 *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 2009 WL 1361536, at *12 (May 18, 2009) (quotation omitted).

10 *Id.* (quotation omitted).

Section 541 provides that a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[11] This provision is construed broadly. "[Section 541(a)(1)] includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in section 70a of the Bankruptcy Act."[12] However, "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property."[13] Accordingly, property held in trust is not property of the debtor's estate.[14]

**D. Implied Trusts**

In bankruptcy proceedings, the question of whether property held by

---

[11] 11 U.S.C. § 541(a)(1).

[12] *United States v. Whiting Pools*, 462 U.S. 198, 205 n.9 (1983). *Accord MacArthur Co. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 837 F.2d 89, 92 (2d Cir. 1988).

[13] 11 U.S.C. § 541(d)

[14] *See Begier v. I.R.S.*, 496 U.S. 53, 59 (1990); *Sanyo Elec., Inc. v. Howard's Appliance Corp.* (*In re Howard's Appliance Corp.*), 874 F.2d 88, 93 (2d Cir. 1989).

the debtor is subject to a trust is governed by state law.[15] Under Illinois law, "creation of an express trust requires: (1) intent of the parties to create a trust, which may be shown by a declaration of trust by the settlor or by circumstances which show that the settlor intended to create a trust; (2) a definite subject matter or trust property; (3) ascertainable beneficiaries; (4) a trustee; (5) specifications of a trust purpose and how the trust is to be performed; and (6) delivery of the trust property to the trustee."[16]

However, a valid trust does not need to be established expressly. A trust relationship may also be "deduc[ed] from the nature of the transaction between the parties, or . . . superimposed on the transaction by operation of law."[17] In Illinois, there is a presumption that "when one turns over to another proceeds to be held and later returned . . . an implied trust has been created."[18] In this scenario, "the party receiving the proceeds holds them in a fiduciary capacity and

---

15 *See Sonnenschein v. Reliance Ins. Co.*, 353 F.2d 935, 937 n.2 (2d Cir. 1965).

16 *Eychaner v. Gross*, 779 N.E.2d 1115, 1131 (Ill. 2002) (citation omitted).

17 *Sears v. First Fed. Sav. & Loan Ass'n of Chicago*, 275 N.E.2d 300, 303 (Ill. App. Ct. 1971) (quotation omitted).

18 *Firestone Tire & Rubber Co. v. Goldblatt Bros., Inc. (In re Goldblatt Bros., Inc.)*, 33 B.R. 1011, 1013 (N.D. Ill. 1983).

may not commingle them."[19] The presumption in favor of an implied trust "is not conclusive," however, and "may be rebutted by establishing the existence of circumstances inconsistent with a trust relationship."[20]

## IV. DISCUSSION

While GAIC correctly asserts that funds held in trust are not property of Bally's bankruptcy estate, it is not entitled to a declaratory judgment because the advanced funds are not held in trust. GAIC does not dispute the absence of an express trust. Rather, GAIC contends that the Interim Fee Agreement established a trust relationship under the presumption that "proceeds to be held and later returned"[21] are subject to an implied trust. Here, however, there is no indication that the funds advanced pursuant to the Interim Fee Agreement were intended to be returned to GAIC. Accordingly, the presumption does not apply, and an implied trust has not been established.

GAIC argues that because it reserved the right to seek a rescission of the Interim Fee Agreement, the advanced funds are held in trust pending the

---

[19] *Id.*

[20] *Id.* at 1014 (citing *Harvey Brokerage Co. v. Ambassador Hotel Corp.*, 57 F.2d 727, 729 (S.D.N.Y. 1932)).

[21] *Id.* at 1013.

outcome of its rescission action.[22] But GAIC conflates the right to seek a rescission with a beneficiary's contingent interest. GAIC concedes that Bally's obligation to repay the advanced funds is contingent upon GAIC's successful rescission of the Interim Fee Agreement.[23] Accordingly, an implied trust cannot have been created because Bally was not, is still not, and may never be obligated to return the funds. Although GAIC points to several cases acknowledging that a beneficiary's interest may be contingent,[24] it does not cite a single case standing for its proposition that the possessor of a cause of action for rescission is a contingent beneficiary of an implied trust.

Additionally, there are several factors in this case that rebut the presumption in favor of an implied trust. *First*, the Interim Fee Agreement did not require Bally to segregate the advanced funds. While it is not necessary that a trust prohibit commingling of funds,[25] the lack of a segregation provision cuts

---

22 *See* Brief for Appellant Great American Insurance Company ("Appellant Brief") at 1.

23 *See* id. at 13.

24 *See* id. at 10 (citing cases).

25 *See Firestone,* 33 B.R. at 1015.

against the inference that an implied trust has been established.[26] *Second*, neither the nature of the insured-insurer relationship, nor the course of dealing between the parties, indicates that the Interim Fee Agreement was intended to establish an implied trust. The making of periodic payments to secure an advance of needed funds bears greater resemblance to a debtor-creditor relationship than to that of trustee-beneficiary.[27]

*Third*, the fact that GAIC is a large insurance company, and party to many contracts, suggests that if GAIC intended to establish a trust relationship, it would have done so expressly. This assumption does not, as GAIC contends, "wipe out the law of implied trusts" by penalizing GAIC for failing to establish an express trust.[28] If there was any indication that the advanced funds were intended

---

[26] *See La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 192 (Ill. 1977) (noting the absence of a segregation provision despite the use of trust language); *Sears*, 275 N.E.2d at 307 ("The factor of absence of any agreement for separation, segregation or isolation of the funds is thus apparently a prime consideration in determining that the account in question constituted a general deposit as distinguished from a trust fund.").

[27] *See La Thorp*, 370 N.E.2d at 192 (concluding that provisions requiring advance payments under a mortgage contract were more consistent with a debtor-creditor relationship); *see also Kilgore v. State Bank of Colusa*, 25 N.E.2d 39, 42 (Ill. 1939) ("The beneficiary of a trust has the beneficial interest in the trust property, while *a creditor has only a personal claim against the debtor.*" (emphasis added)).

[28] *See* Appellant Brief at 23.

to be returned to GAIC, the presumption in favor of an implied trust would apply. Rather, GAIC's failure to create an express trust is only further indication that it did not intend for the Interim Fee Agreement to establish a trust relationship.

## V. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is affirmed. The Clerk of the Court is directed to close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        June 15, 2009

**- Appearances -**

**For the Plaintiff-Appellant**

Judah Serfaty, Esq.
Rosenberg Calica & Birney LLP
100 Garden City Plaza, Suite 408
Garden City, New York 11530
(516) 747-7400

**For the Defendant-Appellee**

Theresa A. Foudy, Esq.
Steven J. Reisman, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue South, 35th Floor
New York, New York 10178
(212) 696-6000